UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v.                                                          )<br>)<br>MICHAEL A. POMERLEAU,            )<br>)<br>　　　　Defendant/Petitioner    ) | Criminal No. 2:07-cr-115-DBH |

### ORDER ON MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Is Hobbs Act robbery a crime of violence within the meaning of 18 U.S.C. § 924(c)(1) and (c)(3), given the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), declaring the residual clause of the Armed Career Criminal Act unconstitutionally vague? I follow the recent decisions of this District and the Second Circuit concluding that, even after Johnson, Hobbs Act robbery is a crime of violence.

### Facts and Procedural Background

The defendant pleaded guilty to three Hobbs Act robberies that he committed on July 7 and 8, 2007. Information Counts 1, 2, & 4 (ECF No. 24). In relation to one of them, he pleaded guilty to knowingly brandishing a firearm "in furtherance of, during and in relation to a crime of violence." Id. Count 3. On March 31, 2008, I sentenced him to 57 months concurrently on the three Hobbs Act robberies and a mandatory 84-month (7-year) consecutive sentence

on the brandishing count. After Johnson, he filed a motion under 28 U.S.C. § 2255 attacking the 7-year brandishing sentence.

## STATUTES

Title 18 U.S.C. section 924(c)(1)(A) requires an additional seven years of prison for anyone who brandishes a firearm "during and in relation to any crime of violence." For purposes of that provision,

> the term "crime of violence" means an offense that is a felony and—
>   (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3). The charged "crime of violence" in this case was the Hobbs Act robbery in which the defendant brandished the firearm. For a Hobbs Act robbery,

> [t]he term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

In Johnson, the Supreme Court found unconstitutionally vague the italicized portion of the Armed Career Criminal Act that I quote below. Johnson, 135 S. Ct. at 2563. Under the Armed Career Criminal Act, a person with three prior violent felonies receives a sentence of no less than fifteen years for a subsequent firearm crime, and violent felony is defined as

2

> any crime punishable by imprisonment for a term exceeding one year . . . that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> *(ii)* is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added).

That is the context for this dispute. The defendant argues that Johnson controls here and invalidates his brandishing sentence on account of the language of subpart (B) of section 924(c)(3); the government disagrees.

## ANALYSIS

Much ink has been spilled on whether Johnson controls crime-of-violence definitions that, like this one, are similar but not quite identical to the Armed Career Criminal Act provision. I see no reason to add to that outpouring of words. The First Circuit has not spoken, but both this District and the Second Circuit have held squarely that Hobbs Act robbery is categorically a crime of violence. United States v. Williams, 2016 WL 1555696 at *2-11 (D. Me. Apr. 15, 2016)[1]; Craig v. United States, 2016 WL 5874965 at *5 (D. Me. Oct. 7, 2016) (both cases concluding that Hobbs Act robbery fits categorically under § 924(c)(3)(A), the so-called force clause); United States v. Hill, 823 F.3d 135, 140-45 (2d Cir. 2016) (holding that Hobbs Act robbery is a crime of violence under either (A) or (B)); see United States v. Taylor, 814 F.3d 340, 375-76 (6th Cir. 2016) (upholding § 924(c)(3)(B) as constitutional after Johnson in a non-Hobbs Act case).

---

[1] Strangely, this case was cited by neither party even though both the United States Attorney's Office and the Federal Defender's Office were counsel.

I follow those rulings. I realize that the Ninth Circuit has reached a contrary result in a split decision interpreting the language of 18 U.S.C. § 16(b), which has language almost identical to that of 924(c)(3)(B).[2] DiMaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015); accord United States v. Vivas-Ceja, 808 F.3d 719, 721-23 (7th Cir. 2015); Shuti v. Lynch, 828 F.3d 440, 448-50 (6th Cir. 2016) (explaining why constitutional analyses of the superficially similar section 16(b) and section 924(c)(3)(B) might yet lead to different results). The Supreme Court has granted certiorari in DiMaya. Lynch v. DiMaya, No. 15-1498, __ S. Ct. __, 2016 WL 3232911 (Sep. 29, 2016). Until the Supreme Court gives further guidance, I find the reasoning of Williams, Craig, Hill and Taylor persuasive and I follow them.

As a result, the defendant's motion for to set aside his 7-year consecutive sentence for brandishing is **DENIED**.[3]

**SO ORDERED.**

**DATED THIS 24TH DAY OF OCTOBER, 2016**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] At the same time, the Ninth Circuit has ruled that Hobbs Act robbery is a crime of violence under the force clause of 924(c)(3)(A). United States v. Howard, 650 Fed. Appx. 466, 468 (9th Cir. 2016).

[3] If for some reason the First Circuit were disposed to disagree with this conclusion, a new sentencing hearing would be appropriate to determine whether my sentence for the Hobbs Act robberies would change.

4